UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARCUS VERNELL COLEMAN**  :  **DOCKET NO. 2:24-cv-01005**
**D.O.C. # 322817**  :  **SECTION P**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**STEPHEN C. DWIGHT**  :  **MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATION**

Marcus Vernell Coleman ("Coleman") instituted the present civil action on July 29, 2024. Doc. 1. He is an inmate in the custody of the Louisiana Department of Corrections and is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Coleman asks this Court to find that his 6th and 14th Amendment rights were violated in his criminal trial in state court and order the 14th Judicial District Court, Calcasieu Parish, Louisiana, to provide him with a new trial. Doc. 1, pp. 5. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily DISMISSED WITH PREJUDICE as frivolous.

**I.    Background**

The matter was initially interpreted by the Court as a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. On August 6, 2024, plaintiff was ordered to amend his pleadings by submitting the petition on Court approved forms provided to him contemporaneously with the Court's Order. Doc. 4. He was advised that failure to amend his pleadings would result in the pleadings being stricken from the record. *Id*.

On August 26, 2024, plaintiff filed a Motion to Reconsider the Court's August 6, 2024 Order, which motion is presently pending. Doc. 5. He objects to the classification of his suit as a habeas petition, arguing that he does not seek release from custody or a reduction in sentence. Doc. 5, p. 3. Nor does he seek monetary damages. *Id*. at p. 4. Rather, he asks this Court to order the 14th Judicial District Court to vacate his judgment and schedule a new trial.

II.     **Law and Analysis**

Petitioner is advised that federal courts may not interfere with the state courts' application of state law. *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court (citation omitted). Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner alleges a constitutional error and seeks to invoke the federal mandamus jurisdiction of this court, such a claim is likewise subject to dismissal. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Neither the 14th Judicial District Court or its judges are "officers or employees of the United States." Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

### III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that the instant matter be **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 7th day of November, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE